IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN R. RAMEY, SR.<br>    Plaintiff<br><br>v.<br><br>CHIEF JUSTICE WILLIAM B. TRAXLER, JR.<br>JUDGE DIANA GRIBBON MOTZ<br>JUDGE G. STEVEN AGEE<br>JUDGE CLYDE H. HAMILTON<br>RICHARD SEWELL, Case Manager,<br>SAMUEL W. PHILLIPS, Secretary<br>JOHN DOE,<br>JANE DOE<br>    Defendants | *<br>*<br>*   CIVIL ACTION NO. WMN-14-2390<br>*<br>*<br>*<br>*<br>* |

*********

**<u>MEMORANDUM</u>**

Plaintiff brings this self- represented action against Fourth Circuit Court of Appeals Judges William B. Traxler, Jr., Diana Gribbon Motz, G. Steven Agee, and Clyde H. Hamilton. ECF No. 1.  Plaintiff has also named Richard Sewell, Samuel W. Phillips, and John and Jane Doe, who he identifies as employees of the Fourth Circuit Court of Appeals as Defendants. Plaintiff  appears to be indigent and his motion for leave to proceed in forma pauperis shall be granted.  Upon review of the Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Plaintiff alleges that the appellate court judges improperly denied his: Application for Certificate of Appealability, Petition for Rehearing and Suggestion for Rehearing en Banc, Rule 41 Petition, Petition for Remand, and Complaint of Judicial Misconduct or Disability.  ECF No.

1. Petitioner further alleges that Samuel W. Phillips, who Plaintiff identifies as the Fourth Circuit Judicial Counsel and Secretary, improperly dismissed Plaintiff's "Petition for Review Pursuant to Judicial Complaint Nos. 04-14-90034 through 04-14-90036." *Id*. Plaintiff alleges that the foregoing actions have denied him due process and the "statutory right to appeal and litigate at all stages of the proceedings...." *Id*. He seeks to have the judgments entered in his various cases, including the judgment and sentence entered against him in his criminal case, vacated. *See United States v. Ramey*, RWT-09-162 (D. Md). He also seeks an award of ten million dollars. Plaintiff makes no specific allegations as to Defendants Richard Sewell and John and Jane Doe who are simply named in the caption of the complaint.

Plaintiff seeks damages against parties who are immune from the claims asserted and must be dismissed. The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335 (1872)). Moreover, the law is well-settled that the doctrine of judicial immunity is

applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had subject matter jurisdiction. *See id.* at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356-57. A review of Plaintiff's allegations against the named defendants does not compel the conclusion that the judges acted in clear absence of jurisdiction.

Absolute immunity is designed to protect *judicial process*; thus, the inquiry as to Defendant Samuel W. Phillips is whether his actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir.1994). Quasi-judicial immunity is absolute. *See id.* The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail,* 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir. 1989)).

In determining the applicability of quasi-judicial immunity, courts consider three main criteria: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect

against constitutional deprivations." *Howard v. Food Lion Inc.*, 232 F.Supp.2d 585, 594 (M.D.N.C. 2002) (citing *Qstrzenski v. Seigel,* 177 F.3d 245, 249 (4th Cir. 1999)).

Plaintiff's lawsuit is exactly the type of action that the *Pierson* and *Burns* courts recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached by the Fourth Circuit Court of Appeals, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts. Because immunity precludes Plaintiff's recovery, *sua sponte* dismissal of Plaintiff's claims is appropriate.

A separate Order shall be entered.


DATED: August 4, 2014                            _____/s/_____
                                                 William M. Nickerson
                                                 Senior United States District Judge